IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JONATHAN ALLEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 5:19-00811 |
| WARDEN D.L. YOUNG, | ) ) ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 2.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

**FACT AND PROCEDURE**

On November 14, 2019, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 2 and 3.)[1] Petitioner contends that the Bureau of Prisons ["BOP"] is acting contrary to the Second Chance Act by not properly considering him for designation to a Residential Reentry Center ["RRC"]. (Id.) First, Petitioner argues that his "needs were not

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

assessed and staff created her own factors to use rather than the five factors listed by statute." (Id.) Second, Petitioner claims that "staff failed to follow their own rules and regulations" and "staff created policy in violation of statutory law." (Id.) Third, Petitioner asserts that the "Warden failed to consider [Petitioner] for 365 days of RRC placement for completing NR-DAP." (Id.) Finally, Petitioner contends that "the staff are using the [Second Chance Act] in a capricious manner in order to punish [Petitioner] for filing grievances." (Id.)

By Order entered on November 26, 2019, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On December 19, 2019, Respondent filed his Response to the Order to Show Cause. (Document No. 13.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) Petitioner has not exhausted his administrative remedies (Id., pp. 3 – 4.); (2) "The authority to release inmates to an RRC or home confinement rests solely with the BOP" (Id., pp. 4 – 5.); and (3) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement" (Id., pp. 6 – 8.).

As Exhibits, Respondent attaches the following: (1) The Declaration of Christy Meadows (Document No. 13-1, pp. 2 – 3.); (2) A copy of Petitioner's "Public Information Inmate Data as of 12-16-2019" (Id., pp. 5 – 8.); (3) A copy of Petitioner's "Judgment in a Criminal Case" (Id., pp. 10 – 15.); (4) A copy of Petitioner's "Individualized Reentry Plan" (Id., pp. 17 - 20.); and (5) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., p. 22 - 35.).

By Order and Notice entered on December 19, 2019, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 14.) Petitioner, however, failed to file a Reply.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g.,

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on

3

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

January 15, 2021.                                                4

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: September 7 2022.

Omar J. Aboulhosn
United States Magistrate Judge